IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. WILLIAMS,

        Plaintiff,

    vs.

MONTGOMERY COUNTY
DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

CIVIL ACTION
No. 05-3308-SAC

## ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner in the custody of authorities in Montgomery County, Kansas. Plaintiff has submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $250.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to

Plaintiff alleges that his constitutional rights have been violated by the lack of access to a law library at the Montgomery County Jail. Although plaintiff acknowledges that he is represented by appointed counsel in the criminal proceedings against him, he asserts that he has a right to conduct his own research.[2]  Attachments to the complaint reflect that jail authorities referred plaintiff to Legal Services for Prisoners in response to his request for access to a law library. (Doc. 1, Attach.)

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v.

---

satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

[2] Plaintiff argues this is necessary because counsel "gets paid regardless of how good a job he does for representing [him]." (Doc. 1, p. 2).

2

Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e).

Plaintiff's claim of denial of access to the courts fails to state a claim for relief. "[A]n inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research." Smith v. Harvey County Jail, 889 F. Supp. 426, 431-32 (D. Kan. 1995)(citations omitted). To bring a claim premised on a denial of access to the courts, a prisoner must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Here, plaintiff offers only his bare assertion that his appointed counsel may not provide effective assistance, that he must be allowed to file any motions he believes necessary if his counsel refuses to do so, and that he has no

way of knowing if his appointed counsel treats him unfairly unless he has access to a law library.  Such conjecture falls far short of the requisite showing of actual injury.

IT IS THEREFORE ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.  Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility in which he is incarcerated.

**IT IS SO ORDERED.**

DATED:  This 13th day of October, 2005, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4